# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

\* \* \* \* \* \* \* \*

| | |
|---|---|
| **MARCUS MCLAUGHLIN**<br>1651 N. Larchmont Drive<br>Sandusky, Ohio 44870<br>　　　　Plaintiff,<br><br>v.<br><br>**WHIRLPOOL CORPORATION**<br>Corporation Service Company<br>50 West Broad Street<br>Suite 1330<br>Columbus, Ohio 43215<br>　　　　Defendant. | Case No.<br><br>Judge<br><br>**FIRST AMENDED COMPLAINT;**<br>**JURY DEMAND ENDORSED HEREON**<br><br>Francis J. Landry (0006072)<br>**WASSERMAN, BRYAN, LANDRY &**<br>**HONOLD, LLP**<br>1090 West South Boundary, Suite 500<br>Perrysburg, Ohio 43551<br>Telephone: (419) 243-1239<br>Facsimile: (419) 243-2719<br>Email: FLandry308@aol.com<br>Attorney for Plaintiff,<br>Marcus McLaughlin |

\* \* \* \* \* \* \* \*

## JURISDICTION

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331, 1337, 1343, 2201 and 2202. This is an action for a violation of 29 USC Sections 2601 et seq., known as the Family and Medical Leave Act. This action, in part, is one for money damages, reinstatement, and liquidated damages resulting from an alleged unlawful termination of employment. This Court's

supplemental jurisdiction is also invoked, pursuant to 28 U.S.C. Section 1367 over state law claims of disability discrimination.

## PARTIES

2. Plaintiff, Marcus McLaughlin ("Plaintiff"), is a resident of the City of Sandusky, State of Ohio, who was employed by Defendant from December 5, 2002 until August 31, 2020, most recently as a Supervisor. At all times material hereto, Plaintiff was an employee of an employer within the meaning of the Family and Medical Leave Act, and Chapter 4112 of the Ohio Revised Code in that the Plaintiff was employed for more than twelve months and worked more than 1,250 hours during the 12 months preceding his termination.

3. Defendant, Whirlpool Corporation., is a Delaware corporation with a location in the City of Clyde, State of Ohio, and is an employer within the meaning of the Family and Medical Leave Act, and Chapter 4112 of the Ohio Revised Code in that at all times material hereto, it has employed more than fifty (50) employees.

## FACTS

4. Plaintiff's last position with Defendant was as a Supervisor.

5. Plaintiff's employment with Defendant began in December of 2002,

6. Plaintiff received good evaluations throughout his over eighteen years of employment with Defendant.

7. Towards the end of his employment, Plaintiff took an FMLA leave due to his serious health condition of gastroparesis.

8. Plaintiff's FMLA leave began on July 19, 2019.

9. Once Plaintiff's FMLA leave ended, he remained off on a long term disability leave.

10. Plaintiff's health care provider "matrix" indicated that his leave was approved.

11. On August 13, 2020, Plaintiff saw his doctor, and was returned to work on August 24, 2020.

12. However, when Plaintiff attempted to return to work, he was informed that he was terminated for "improper filing of paperwork."

**FIRST CLAIM FOR RELIEF**
**Family Medical Leave Act – 29 U.S.C. §§ 2601 et seq.**

13. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through twelve (12) of this Complaint, supra, by reference in its entirety as if fully restated herein.

14. Plaintiff states at all times material hereto he was meeting or exceeding Defendant's reasonable expectations, and was well qualified for his position after having been employed with Defendant for over eighteen years.

15. Plaintiff states that at all times material hereto Defendant employed more than fifty (50) employees and is a covered employer under the Family and Medical Leave Act.

16. Plaintiff states that he suffered from gastroparesis, a serious health condition which required time off of work.

17. Plaintiff used FMLA leave for his serious medical condition.

18. When he returned from his FMLA and LTD leave, Plaintiff was terminated allegedly for improper filing of paperwork.

19. The reason for Plaintiff's termination was false and pretextual, as Plaintiff properly filled out any required paperwork, and Plaintiff's health care provider "matrix" indicated that his leave was approved.

20. Plaintiff contends that Defendant's action in terminating Plaintiff constituted discrimination and retaliation against Plaintiff because of his use of FMLA leave.

21. As a proximate result of the actions of Defendant complained of herein, Plaintiff has suffered the loss of past and future wages and benefits, diminished earning capacity, professional damage, and great mental and emotional stress, anxiety, humiliation, and embarrassment. Plaintiff has also been forced to expend court costs and attorney's fees.

**SECOND CLAIM FOR RELIEF**
**Disability Discrimination, Ohio Revised Code Section 4112.02**

22. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through twenty-one (21) of this Complaint, supra, by reference in its entirety as if fully restated herein.

23. Plaintiff states that he is a disabled individual within the meaning of Ohio Revised Code Section 4112.02(a)(13). Alternatively, Plaintiff was disabled on the basis of his record of medical impairments and because he was perceived by defendant as being disabled. Although disabled, Plaintiff is able to safely and substantially perform the essential functions of his job with or without an accommodation.

24. Plaintiff states that he suffered from gastroparesis. This disabling condition severely impacted his daily life activities and bodily functions including but not limited to digestion and eating.

25. Defendant was aware of Plaintiff's disabling condition, as Plaintiff utilized an FMLA leave and long term disability leave to care for his disabling condition.

26. Plaintiff was qualified for his position based upon his experience. Plaintiff performed his job well, with over eighteen years as an employee of Defendant.

27. When he returned from his FMLA and long term disability leave, Plaintiff was terminated allegedly for improper filing of paperwork.

28. The reason for Plaintiff's termination was false and pretextual, as Plaintiff properly filled out any required paperwork, and Plaintiff's health care provider "matrix" indicated that his leave was approved.

29. Upon information and belief, Plaintiff's position was filled after his termination.

30. Plaintiff states that in terminating his employment Defendant violated Plaintiff's rights under Section 4112.02(A) made actionable pursuant to Ohio Revised Code Section 4112.99 as amended on the basis of disability.

31. As a proximate result of the actions of Defendant complained of herein, Plaintiff has suffered personal and financial damage, harassment, and great mental and emotional stress, anxiety, humiliation and embarrassment. Plaintiff has also been forced to expend court costs and attorney's fees.

**WHEREFORE**, Plaintiff demands judgment against Defendant for compensatory and punitive damages for emotional distress, anxiety, humiliation and embarrassment plus his costs, interest and reasonable attorney fees. Plaintiff seeks an amount of liquidated damages equal to his damages and costs and attorneys' fees all together with prejudgment and post judgment interest. Plaintiff further prays for whatever other legal or equitable relief he may appear to be entitled to.

Respectfully submitted,

**WASSERMAN, BRYAN, LANDRY & HONOLD, LLP**

s/Francis J. Landry
Francis J. Landry
Attorney for Plaintiff, Marcus McLaughlin

### JURY DEMAND

Plaintiff demands a jury trial as to all issues to triable in the within cause.

<pre>                              s/Francis J. Landry
                              Francis J. Landry</pre>